**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12408

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

XZAVIOUS MONTREZ BROWN,

*Defendant- Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:93-cr-00377-TWT-JED-1

————————————

Before BRANCH, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Xzavious Brown appeals the denial of his motion for compassionate release. In response, the government moved for

summary affirmance.  After careful review, we grant the government's motion and affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 12, 1993, Brown robbed a bank.  His coconspirator threatened the customers and bank tellers with a handgun, while Brown swooped behind the counter and gathered the money.  A month later, Brown robbed another bank in the same way.  His coconspirator brandished a handgun, while Brown took the money from behind the counter.  Brown was later arrested by federal law enforcement officers for his role in the two bank robberies.

While in custody for the robberies, Brown also orchestrated a violent escape attempt.  He placed a sharp shard of glass on a correctional officer's jugular vein and told the officer:  "[D]on't touch the panic button or . . . I'll kill you."  Keeping "constant and extreme pressure against [the officer's] throat," Brown told the officer to start walking to the emergency exit.  But Brown decided to release the officer before they reached the exit, and other officers apprehended Brown.

Brown was indicted on five charges for the robberies and attempted escape:  two counts of armed robbery; two counts of possession of a firearm during a felony; and one count of assaulting a correctional officer.  A jury convicted him of all charges.

Before his sentencing hearing, the probation office prepared a presentence investigation report.  The report explained that Brown had prior convictions for burglary, robbery, escape, conspiracy to distribute cocaine, and money laundering.  That gave him a

24-12408                Opinion of the Court                3

criminal history category of VI.  The district court sentenced Brown to 562 months' imprisonment in May 1995.

Then, Brown tried to escape again.  He and another inmate rushed a correctional officer with a shank, stole the officer's keys, and handcuffed him in a cell.  Brown and the other inmate captured and threatened two more officers who caught them trying to open the door.  When Brown told the other inmate to kill one of the officers, the inmate refused, and the officer stole the shank and regained control of the situation.

Brown was indicted on seven more charges based on the second escape:  three counts of assaulting a correctional officer; three counts of kidnapping a correctional officer; and one count of escape.  A jury convicted him on all charges, and this time the district court sentenced Brown to life imprisonment.  We affirmed both sets of convictions and sentences.  *See United States v. Brown*, No. 95-9569 (11th Cir. 1995); *United States v. Brown*, No. 95-8683 (11th Cir. 1995).

While serving his life sentence, Brown has had numerous disciplinary violations, including five for escape, three for assault, two for possessing a deadly weapon, and one for disruptive conduct.  The most recent escape attempt was in 2014.

In 2024, Brown moved for compassionate release for the third time.[1]  He sought release to care for his elderly mother and

---

[1] The district court denied his first two motions for compassionate release, and we affirmed those denials on appeal.  *See United States v. Brown*, No. 21-12577,

asserted he no longer posed a danger to the community, citing the fact that he had not had a disciplinary violation since 2014. The district court denied the motion because it found that Brown still posed a danger to the community given his violent criminal history and poor disciplinary record.

## STANDARD OF REVIEW

We review a district court's denial of compassionate release for an abuse of discretion. *See United States v. Tinker*, 14 F.4th 1234, 1237 n.1 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quotation omitted). "[S]ummary disposition is necessary and proper" where "one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case . . . ." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

## DISCUSSION

Brown argues the district court abused its discretion in denying his motion for compassionate release. Generally, a district court cannot modify a defendant's sentence without statutory authorization. *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021) (citation omitted). The compassionate release statute,

---

2022 WL 244080 (11th Cir. Jan. 27, 2022); *United States v. Brown*, No. 21-11404, 2022 WL 1022880 (11th Cir. Apr. 5, 2021).

18 U.S.C. section 3582(c)(1)(A), provides limited statutory authority to do so if the district court makes three findings. *Id.* (citation omitted).

First, the district court must find an "extraordinary and compelling reason" for granting relief. *Id.* Second, the district court must find that the section "3553(a) factors weigh in favor of" relief. *Id.* And third, the district court must find that granting relief "is consistent with applicable policy statements issued by the Sentencing Commission." *Tinker*, 14 F.4th at 1237 (quoting 18 U.S.C. § 3582(c)(1)(A)).

As relevant here, the Sentencing Commission's policy statement requires district courts to find that the defendant no longer poses a danger to the community. *Id.* (citing U.S.S.G. § 1B1.13(a)(2)). A district court cannot grant relief unless all three findings are made. *Giron*, 15 F.4th at 1347.

The government is clearly right that the district court did not abuse its discretion in finding that Brown posed a danger to the community. Brown robbed two banks, and both robberies involved threatening people with firearms. While imprisoned for the robberies, Brown orchestrated two violent escapes, both of which involved attacking correctional officers with deadly weapons and threatening to kill them. He also had previous convictions for robbery, escape, burglary, conspiracy to distribute cocaine, and money laundering. And while serving a life sentence for his second violent escape attempt, Brown had numerous disciplinary violations—five

for escape, three for assault, two for possessing a deadly weapon, and one for disruptive conduct.

In response, Brown argues that his recent good behavior shows that he no longer poses a threat to the community. But that overlooks the laundry list of violent and disobedient violations Brown has received while in prison. And more importantly, it ignores the seriousness of his convictions. Thus, the district court had more than enough to conclude that Brown posed a threat to the community.

**SUMMARY AFFIRMANCE MOTION GRANTED; AFFIRMED.**